IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BUDDY BAKER, JR.,

        Plaintiff,

vs.                                  No. CIV  04-76 LH/LFG

EL PASO ENERGY RATON, LLC,,
EL PASO ENERGY RATON
CORPORATION and VERMEJO
MINERALS CORPORATION,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING AS UNTIMELY PLAINTIFF'S MOTION TO COMPEL

THIS MATTER came before the Court on Plaintiff Buddy Baker's ("Baker") Motion to Compel Defendant El Paso to Produce Sequestered Discovery [Doc. 41]. The Court considered Baker's motion and supporting memorandum, Defendant El Paso Energy Raton LLC's ("El Paso") response in opposition, exhibits submitted in support of response [Doc. 45], as well as Baker's reply. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

### Background

This lawsuit arises out of an oil field accident. Baker was severely injured as the result of a gas explosion and flash fire which occurred while he was working at a well site known as VPR E-17, located near Raton, New Mexico. Immediately after the accident, an investigation was undertaken by Baker's employer, Devon Energy, by Ray Luksich and James Mack Duckworth. In addition, El Paso's attorney, anticipating litigation, contacted Larry Loudenslager ("Loudenslager"), an El Paso Safety Representative from Houston, to fly to Raton, New Mexico for purposes of gathering evidence and taking witness statements. El Paso contends that Loudenslager's investigation was not part of a routine inspection or examination, and that he did not perform routine services at the Vermejo Park

Ranch, site of the accident. El Paso contends that the information gathered by Loudenslager constitutes attorney work product.

## Party's Obligations on Withholding Documents

During the course of formal discovery, Baker served both interrogatories and requests for production. Included in the formal discovery were inquiries concerning the existence of investigative materials, witness statements, photographs and physical evidence, notes, summaries, etc. El Paso identified information responsive to the requests, produced some information, offered to allow Baker and his attorneys to inspect other information, and objected to the production of some information on the basis of attorney work product. In support of its objection, El Paso submitted a Vaughn index.[1]

It is incumbent on the party declining to produce a document to submit a Vaughn index to properly claim any privilege relating to the documents at issue. Fed. R. Civ. P. 34(b); Sanchez v. KPMG Peat Marwick, No. CIV 93-406 JP/LFG, 1994 U.S. Dist. Lexis 11208 (D.N.M. Aug. 5, 1994). The failure to submit a Vaughn index can result in waiver of a privilege, even when the privilege would otherwise be applicable. Avery Dennison Corp. v. Four Pillars, 190 F.R.D. 1, 2 (D.D.C. 1999); First Am. Corp. v. Al-Nahyan, 2 F. Supp. 2d 58, 63 (D.D.C. 1998). Upon receipt of the Vaughn index, the party requesting the documents has two choices: (1) to accept the withholding party's claim of privilege; or (2) to move to compel production of the documents, challenging the claim. Spirko v. United States Postal Service, 147 F.3d 992, 997 (D.D.C. 1998). The district's local rule, D.N.M.LR-Civ. 26.6, states:

---

[1] The phrase "Vaughn index" stems from the case of Vaughn v. Rosen, 485 F.2d 820 (D.C. Cir. 1973). When documents are withheld under a claim of privilege, the withholding party is required to provide this index to the requesting party. The index identifies the Bates stamp identifier for the document, the document's date of production, to whom the document was provided, the author of the document, a general description of the document, as well as the specific claim of privilege being asserted.

> 26.6 Objections to Discovery.  A party served with objections to:
> - an interrogatory;
> - request for production or inspection; or
> - request for admission
>
> must proceed under D.N.M.LR-Civ. 37.1 within twenty (20) calendar days of service of an objection unless the response specifies that documents will be produced or inspection allowed.  In this case, the party must proceed under D.N.M.LR-Civ. 37.1 within twenty (20) calendar days after production or inspection of the documents.
>
> Failure to proceed within this time period constitutes acceptance of the objection.  For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty (20) day period.

El Paso asserted privilege to the requested documents on April 16, 2004 and May 7, 2004. (Baker's Doc. 42, Ex. I).  Thus, in accord with the district's local rule, Baker was required to file his motion to compel within twenty days of April 16, 2004 and May 7, 2004.  It is undisputed that the present motion to compel falls significantly outside the rule's deadline.  Indeed, the motion was filed 125 days after the April 16, 2004 objection and 104 days after the May 7, 2004 objection.

The district's local rules authorize the Court, on its own motion or on a motion of a party, to expand the 20-day period.  However, for the Court to set aside the 20-day limit, good cause must be shown.  In this case, however, Baker fails to demonstrate the existence of good cause that would warrant the Court's waiver of the time limit.  Loudenslager's notes, diagrams and summaries were identified in the <u>Vaughn</u> index.  Similarly, witness statements taken by Loudenslager were also identified. Had Baker believed that the assertion of privilege was improper or that the documents fell outside of the protected area of disclosure, it was incumbent on Baker to promptly move to compel.

This is not an instance where a party is lulled into a false sense of security by an opposing party's inference that the documents would, indeed, be produced and, in anticipation of the documents' production, postpone or refrain from filing a motion to compel.  To the contrary, El Paso asserted the existence of privilege and repeatedly made its position known in formal pleadings and

3

correspondence. Under such circumstances, Baker was required to proceed in accord with D.N.M.LR-Civ. 26.6, which required filing of the motion under D.N.M.LR-Civ. 37.1 within 20 calendar days of service of the objection. As the present motion to compel was not filed within 20 days of receipt of El Paso's objections, the motion is untimely.

The Court concludes that Baker's motion is untimely and, accordingly, it is DENIED.

                                                                                           */s/ Lorenzo F. Garcia*
                                                                                 Lorenzo F. Garcia
                                                                                 Chief United States Magistrate Judge